IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG S. LYONS,<br><br>Plaintiff,<br><br>vs.<br><br>LYNDA DEC; SHARON LOANADO-MONRO; BRANDY; RICK PAULINO; ALTRES HEADQUARTERS,<br><br>Defendants | CIV NO.: 20-00041 DKW RT<br><br><br>MEMORANDUM IN SUPPORT OF MOTION<br><br><br>Trial Date: None set. |

## **MEMORANDUM IN SUPPORT OF MOTION**

### **I.    INTRODUCTION**

Under the Federal Arbitration Act ("FAA"), a district court must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the agreement encompasses the dispute at issue.  In this case, the Plaintiff entered into an express written Arbitration Agreement.  The Arbitration Agreement requires the Plaintiff to arbitrate any disputes arising out of his employment, the conditions of his employment, and his termination from employment.  The Arbitration Agreement encompasses the dispute at issue in the instant action because the allegations set forth in Plaintiff Craig S. Lyons' ("Plaintiff" or "Lyons") Complaint "touch matters" covered by the Arbitration Agreement.  Therefore, this Court should compel arbitration of Count IV (*i.e.*, Plaintiff's Equal Pay Act claim), stay all

1

proceedings in this action pending arbitration, and retain jurisdiction solely to confirm an eventual arbitration award.[1]

## II. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a former employee of Defendant, the Association of Universities for Research in Astronomy ("AURA"). *See* Complaint [ECF No. 1] at pp. 9-12. Defendant ALTRES, Inc. ("ALTRES") was the human resources ("HR") administrative support vendor for AURA at the Daniel K. Inouye Solar Telescope ("DKIST"). *Id.*

At the commencement of his employment with AURA at the DKIST, Plaintiff entered into an Arbitration Agreement regarding all workplace-related claims. *See* Exh. A. Under that agreement, Plaintiff agreed to arbitrate any disputes arising out of his employment, his termination from employment, and all other claims he might have against either AURA or AURA's HR vendor, *i.e.,* Defendant ALTRES, or against both. *Id.* Specifically, Plaintiff agreed as follows:

> **ARBITRATION AGREEMENT &**
> **ACKNOWLEDGMENT OF RECEIPT OF**
> **ARBITRATION PROCEDURES**
>
> Because of the delay and expense that results from the use of the federal and state court systems, the Company and ALTRES require, as a term and condition of employment and/or continued employment, that you agree to submit to

---

[1] To the extent that Plaintiff is attempting to state an Equal Pay Act claim against an ALTRES employee identified in the Complaint only as "Brandy," she joins in this Motion and seeks the same relief, on the same bases, as ALTRES.

2

binding arbitration of any and all controversies concerning compensation, employment, or termination of employment, rather than to use the court system. Therefore, by accepting employment and/or continuing your employment with the Company, you expressly and knowingly agree that if any dispute should ever arise between yourself and the Company, between yourself and ALTRES, and/or arising out of any transaction or occurrence at your workplace, concerning any aspect of your employment including, but not limited to, your compensation, the terms and conditions of your employment, harassment and/or discrimination of you in the workplace and/or connected with work, or termination of your employment, such dispute(s) shall be submitted to binding, mandatory, and exclusive arbitration and you shall not attempt to use any court or judicial system to settle such dispute(s).

You agree that this agreement to arbitrate is mandatory and that you are hereby expressly, knowingly, intentionally, and unequivocally waiving any and all rights that you may have to a court and/or judicial and/or jury determination of any and all tort, common law, and/or statutory claims including, but not limited to, claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Civil Rights Act of 1871, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the Older Workers Benefit Protection Act, 29 U.S.C.§ 626(f), the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., ***the Equal Pay Act, 29 U.S.C. § 206(d),*** the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq., Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (together with all Code of Federal Regulations sections promulgated under all such federal enactments), the Hawaii Employment Practices Law, Haw. Rev. Stat. Chapter 378 and the Hawaii Civil Rights Act, Haw. Rev. Stat. Chapter 368 (together with all Hawaii Administrative Rules promulgated under either and/or both Hawaii Chapters).

*Id.* (emphasis added). Plaintiff then signed the Arbitration Agreement with the following understanding:

> I have read, understood, and agree to be bound by the terms of the above arbitration agreement. I have also received (and/or been given instructions on how to access online) a copy of the Arbitration Procedures for the Resolution of All Claims, Disputes and Controversies Between ALTRES, Inc., and its Employees And/Or Between ALTRES, Inc.'s Administratively-Employed Employees and ALTRES, Inc.'s Customers, effective 05/01/13, which procedures I understand and agree will apply in the event of any of the disputes and/or conditions described above.
>
> Print Name: Craig S Lyons
> Signature: Craig A Lyons
> Company: AURA         Date: 09-22-17

*Id.* Despite having agreed to resolve all his potential employment-related disputes with ALTRES via arbitration, Plaintiff nevertheless instituted the instant civil court action against ALTRES. *See* Complaint [ECF No. 1]. The Complaint is entirely based on claims and controversies arising out of Plaintiff's "compensation, the terms and conditions of employment, harassment or discrimination in the workplace, [and] termination of employment." *See Id.* and Exh. A.

### III.   STANDARD OF ADJUDICATION

The FAA empowers the district courts to compel arbitration and to stay proceedings in actions over which the courts have original jurisdiction. *See* 9 U.S.C. § 4 (power to compel arbitration); 9 U.S.C. § 3 (power to stay proceedings). "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to

4

arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal citations omitted).

The court must consider two questions when reviewing a motion to compel arbitration: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.*; *Tuminello v. Richards*, 504 Fed. App'x 557 (9th Cir. 2013); *Lenhart v. Westfield Fin. Corp.*, 909 F. Supp. 744, 748 (D. Haw. 1995) ("When considering a motion to compel arbitration, a court must first determine whether an agreement to arbitrate exists and then decide whether the dispute before it arises under the agreement and is arbitrable."); *Rudolph v. Topsider Bldg. Sys.,* 2007 U.S. Dist. LEXIS 54403 (same). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron,* 207 F.3d at 1130.

IV. **ARGUMENT**

    A. **A Valid Agreement To Arbitrate Exists**

Under the FAA, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. Whether such an agreement is "valid, irrevocable, and enforceable" is a question governed by state law. *See*

*Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987) ("[S]tate law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."); *Kilgore v. KeyBank, N.A.*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*quoting Doctors Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996).

In this case, Plaintiff entered into a contractual written Arbitration Agreement with Defendant ALTRES that specifically covers his Equal Pay Act claim.  *See* Exh. A.

### B. The Arbitration Agreement Signed By Plaintiff Encompasses Plaintiff's Equal Pay Act Claim Against Defendant ALTRES

Having determined that a written agreement to arbitrate exists, the District Court must then determine whether the dispute at hand is arbitrable, "that is, whether it falls within the scope of the parties' agreement to arbitrate."  *Chiron*, 207 F.3d at 1131; *see also Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 720 (9th Cir. 1999) (A district court "must first determine the breadth of the disputed arbitration clauses.").  Federal substantive law applies to this determination.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 24 (1983) ("Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.  The effect of the section is to create a body of federal substantive

law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."). Federal substantive law counsels "that questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626- 627 (1985); *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24-25 (1983). While the intentions of the parties control interpretation of the agreement, "those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors*, 473 U.S. at 626. Thus, "as a matter of federal law, *any doubts* concerning the scope of arbitrable issues *should be resolved in favor of arbitration*." *Id.* (emphasis added).

In this case, the Arbitration Agreement at issue is all-encompassing as regards disputes arising out of Plaintiff's employment. *See* Exh. A (and quotation of terms of Exh. A, above). The sweeping language of the Arbitration Agreement signed by Plaintiff indicates an intent to arbitrate *any* disputes arising out of Plaintiff's employment. And it specifically identifies claims under "the Equal Pay Act, 29 U.S.C. § 206(d)" as being subject to compulsory arbitration. *Id.*

The Ninth Circuit has held that, whether or not a claim is within the scope of an arbitration clause, depends on factual allegations upon which the claim is based:

> To require arbitration, [a party's] factual allegations need only "touch matters" covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability. … Accordingly, [courts] must examine the factual allegations raised to determine which of [the] causes of action are arbitrable.

*Simula*, 175 F.3d at 721.  *See Mitsubishi Motors*, 473 U.S. at 624 n. 13 ("[I]nsofar as the allegations underlying the statutory claims touch matters covered by the enumerated articles, [a court] resolve[s] … any doubts in favor of arbitrability.").

In this case, Plaintiff has brought four causes of action against Defendants. They all directly relate to Plaintiff's employment and, thus, "touch matters" contained in the Arbitration Agreement.  *See* Complaint at p. 5 (alleging claims under Title VII, The Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Equal Pay Act).[2]

Thus, it is clear that *all* of the allegations contained in the Complaint clearly "touch matters" covered by the Arbitration Agreement and Plaintiff's Equal Pay Act is *specifically* referenced in the Arbitration Agreement as being a law subject to arbitration.  Because Plaintiff's Equal Pay Act claim "touch[es] matters" covered by the Arbitration Agreement, that Agreement (and the FAA) requires Plaintiff to submit his claims to "binding arbitration."  *See* Exh. A.

---

2   As noted in the accompanying Motion, the relief sought by ALTRES is to compel arbitration of Plaintiff's Equal Pay Act Claim (*i.e.*, Count IV).  This limitation on the scope of relief reflects the fact that ALTRES has concurrently filed a Motion to Dismiss Counts I, II, and III.  Should the Court determine that *that* separate motion should not be granted, then ALTRES hereby seeks to expand the scope of *this* Motion to cover Counts I, II, and III (as each such count clearly is subject to the Arbitration Agreement).

### C. Contingent Petition for Summary Evidentiary Trial Pursuant to 9 U.S.C. §4.

If the Court finds no "issue" as to the existence and scope of the Arbitration Agreement and, accordingly compels arbitration, the Court need proceed no further. Section 4 of the FAA, however, is asymmetrical: arbitration can be compelled based on nothing more than a petition for relief, but such a petition can never be *denied* on the basis of the parties' papers:

> If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

9 U.S.C. § 4. Thus, if the Court finds an "issue," that inhibits its willingness to grant the Motion to Compel Arbitration, the Court then must proceed immediately to a summary trial of whatever "issue" the Court believes exists. *Simula, Inc. v. Autoliv*, Inc., 175 F.3d 716, 726, (9th Cir. 1999) ("The FAA provides for discovery and a full trial in connection with a motion to compel arbitration only if the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue") (citing 9 U.S.C. § 4) (other citations and internal quote marks omitted).

Accordingly, Petitioner ALTRES contingently requests a full summary evidentiary trial *if* this Court finds any "issue" that the Court believes inhibits its ability to issue an outright grant of this Motion to Compel Arbitration on the basis of the current papers and record.

9

## V. CONCLUSION

For the reasons set forth above, Defendant ALTRES respectfully requests that the Court GRANT its motion in its entirety, stay this case in favor of compulsory arbitration under the Arbitration Agreement, and retain jurisdiction solely to confirm an eventual arbitration award.

DATED: Honolulu, Hawaii, February 13, 2020

                                            */s/Andrew L. Pepper*
                                            ANDREW L. PEPPER
                                            NICOLE K. HUDSPETH
                                            Attorneys for Unserved Defendant
                                            ALTRES, INC., by Special Appearance