IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CRAIG S. LYONS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LYNDA DEC, *et al.*,<br><br>　　　　Defendants. | Case No. 20-cv-00041-DKW-RT<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL**[1] |

On January 30, 2020, Plaintiff Craig Lyons, proceeding *pro se*, filed a civil complaint, (Dkt. No. 1), naming four individuals as Defendants (Lynda Dec, Sharon Loando-Monro, Brandy Simplicity, and Rick Paulino) and alleging employment discrimination claims arising under federal law. In addition, Lyons filed an application to proceed *in forma pauperis* ("IFP Application"), (Dkt. No. 2), and a motion to appoint pro bono counsel, (Dkt. No. 3). Because the IFP Application reflects that Lyons does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application. However, because Lyons' complaint does not contain sufficient factual allegations for the Court to meaningfully assess the

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

merits of Lyons' claims, Lyons' motion to appoint pro bono counsel is DENIED WITHOUT PREJUDICE.

I. **The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Lyons has made the required showing under Section 1915(a). In the IFP Application, Dkt. No. 2, Lyons states that he is unemployed, and the only income he receives is from the Supplemental Nutrition Assistance Program (SNAP), commonly known as "food stamps."[2] Although Lyons states that he has $1,241.53 in a checking or savings account and owns a vehicle, he also states that he does not own any real estate. In light of these facts, Lyons' income falls below the poverty threshold identified by the Department of Health & Human Services' ("HHS") 2020 Poverty Guidelines.[3] In addition, Lyons has insufficient assets to provide security.

---

[2]*See* 7 U.S.C. §§ 2011 *et seq.*
[3]*See* HHS Poverty Guidelines for 2020, *available at* https://aspe.hhs.gov/poverty-guidelines.

As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

## II.     Appointment of Counsel

As a general matter, "a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). In a civil case, federal courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Where, as here, there is a claim alleged under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, a court may also appoint an attorney for the plaintiff "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(B).[4] Lyons does not identify whether his motion for pro bono counsel is brought under 28 U.S.C. § 1915(e)(1) or 42 U.S.C. § 2000e-5(f)(1)(B). *See* Dkt. No. 3. Under either provision, however, the Court concludes that Lyons is not entitled to appointed counsel at this time.

A court "may appoint counsel [under 28 U.S.C. Section 1915(e)(1)] only under 'exceptional circumstances,'" which requires an evaluation of two factors: (1) "the likelihood of success on the merits"; and (2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."

---

[4]In relevant part, 42 U.S.C. § 2000e-5(f)(1)(B) provides:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *Palmer*, 560 F.3d at 970. "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F.3d at 970. In the end, it is "within the sound secretion of the trial court" to appoint counsel. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)); *Palmer*, 560 F.3d at 966, 970 (affirming decision to deny plaintiff's request for appointment of counsel in a 42 U.S.C. § 1983 action alleging violations of the Eighth Amendment).

The first factor is neutral because the merits of Lyons' claims are unclear. A complaint must contain enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a "plausible" claim, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That said, a complaint "does not need detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Here, Lyons has provided only labels and

conclusions. Lyons has merely marked four boxes in his pro se form complaint, indicating that he asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*; Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111–12117; and the Equal Pay Act of 1963, 29 U.S.C. § 206(d), Dkt. No. 1 at 5, together with an additional nine boxes, alleging that Defendants' terminated Lyons' employment, failed to accommodate his disability, subjected him to unequal terms and conditions of employment, retaliated against him, and engaged in "intimidation [and] surveillance" because of Lyons' race, national origin, age, and disability. Dkt. No. 1 at 25.

The "factual content," *i.e.*, the background story for Lyons' claims, is virtually nonexistent. The only alleged "facts" in the complaint are a few paragraphs of disjointed sentences that lack any context. Moreover, the Court must piece together Lyons' narrative from two handwritten pages (separated by other pages in the complaint) and the discrimination charge filed with the Hawaii Civil Rights Commission. Dkt. No. 1 at 9, 35, 39.[5] Without sufficient information to allow the

---

[5]Lyons has also included with his complaint, *inter alia*, the following: a letter from the Association of Universities for Research in Astronomy, Inc. (AURA), Dkt. No. 1 at 10–12; several pay stubs, *id.* at 14–24; medical records, *id.* at 27–32; and a bill for unpaid wages. But to someone unfamiliar with Lyons' grievances, these documents shed little (if any) light on the merits of Lyons' alleged claims.

Court to "draw the reasonable inference" that Defendants are "liable for the misconduct" Lyons alleges, *Iqbal*, 556 U.S. at 678, the Court cannot meaningfully assess whether Lyons is likely to prevail on the merits. All this is not to say that Lyons is unlikely to prevail on the merits, but the Court cannot make such a determination until Lyons has set forth additional factual allegations.[6] Lyons should be capable of that much without the aid of an attorney.

That leads to the second factor. Although Lyons' complaint is factually deficient, Lyons has demonstrated sufficient writing ability to articulate his claims. The claims he has raised are also not considerably complex, as the essence of his complaint is employment discrimination claims against a private employer. *Compare Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."), *and Burns v. Cty. of King*, 883 F.2d 819, 824 (9th Cir. 1989) (holding trial court did not abuse its discretion when it declined to appoint counsel, despite that plaintiff's Section 1983 case did "raise a novel issue of law"), *with Agyeman v. Corr.*

---

[6] More specifically, Lyons should set out each claim under a separate label or heading. Under each claim, Lyons must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of Lyons' right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

*Corp. of Am.*, 390 F.3d at 1103–04 (explaining that the trifecta of complexities justified appointment of counsel where plaintiff was not an ordinary prisoner but a detainee held on noncriminal charges, and plaintiff was required to navigate the nuances of suing federal employees under *Bivens* and suing the United States under the Federal Tort Claims Act). Therefore, the Court concludes at this time that, on balance, Lyons is not entitled to pro bono counsel under Section 1915(e)(1).

The same result obtains if the Court analyzes Lyons' request for counsel under 42 U.S.C. § 2000e-5(f)(1)(B). The Ninth Circuit has identified three factors that must be assessed in ruling on requests for counsel under Title VII: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981); *Miles v. Department of Army*, 881 F.2d 777, 784 n.6 (9th Cir. 1989).

Here, the first factor weighs in Lyons' favor by virtue of Lyons satisfying the requirements to proceed *in forma pauperis*. *Bradshaw*, 662 F.2d at 1319 ("A lesser showing of indigency is required to satisfy the test for appointment of counsel."). As to the second factor, Lyons has contacted at least ten attorneys and has not found an attorney he can afford. *See* Dkt. No. 3. Thus, Lyons has shown that he has made "a reasonably diligent effort under the circumstances to obtain counsel."

*Bradshaw*, 662 F.2d at 1319 (explaining that a plaintiff "may not be required 'to exhaust the legal directory'" and that plaintiff had shown the requisite degree of diligence because she "contacted more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet"). As to the third factor, the same analysis above applies with regard to whether Lyons' claims "have some merit." *Id*. Moreover, unlike in *Bradshaw*, here, the Equal Employment Opportunity Commission did not issue a finding of "reasonable cause" to believe that Lyons was the victim of discrimination. *Id.* at 1319–20; *cf.* Dkt. No. 1 at 36. That may also have played a role in the decisions of the attorneys who have thus far declined to represent Lyons. Therefore, although two of the three factors weigh in favor of Lyons, in the absence of a showing that there is at least "some merit" to Lyons' claims, the Court in exercising its discretion cannot in good conscious appoint Lyons an attorney under Section 2000e-5(f)(1)(B).

In summary, Lyons' motion for appointment of counsel is premature because his complaint does not contain sufficient factual allegations for the Court to meaningfully assess the merits of the alleged claims. Lyons' motion seeking such counsel is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated, Lyons' application to proceed *in forma pauperis*, Dkt. No. 2, is GRANTED, and Lyons' motion to appoint pro bono counsel, Dkt. No. 3, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 19, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Craig S. Lyons v. Lynda Dec, et al*; Civil No. 20-00041 DKW-RT; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL**