IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRAIG S. LYONS,<br><br>       Plaintiff,<br><br>   v.<br><br>LYNDA DEC, *et al.*,<br><br>       Defendants. | Case No. 20-cv-00041-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT**[1] |

On March 25, 2020, Plaintiff Craig Lyons, proceeding *pro se*, filed a "Resubmitted Amendment," Dkt. No. 27, which the Court liberally construes as Lyons' second motion to amend the complaint. Attached to the motion is the first five pages of a form complaint. Dkt. No. 27-1. On March 25, 2020, Altres, Inc. filed an opposition to the motion. Dkt. No. 28. Lyons' motion is DENIED for the following reasons.

First, Lyons has not attached a complete iteration of the proposed amended complaint. Lyons has merely attached five pages containing the names of the parties to this action and their contact information. There is no recitation of facts or any causes of action alleged in these five pages. As the Court stated in the

---
[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

March 6, 2020 Order, Dkt. No. 12, Lyons must attach to his motion to amend a copy of the proposed amended complaint, which "reproduce[s] **the entire pleading as amended** and may not incorporate any part of [the original Complaint] by reference." LR 10.4; *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*).

Second, Lyons cannot amend the complaint to add Hawaii Sheet Metal Workers Local 293 I.A. (HSMW) as plaintiff in this action. This was also stated in the Court's March 6, 2020 Order. Dkt. No. 12. To reiterate, **HSMW is an entity and can only appear in federal court through a licensed attorney**. *See, e.g.*, LR 81.1(a)–(b); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989); *Rowland v. California Men's Colony*, 506 U.S. 194, 202–03 (1993). Lyons is not a licensed attorney and there is no indication that a licensed attorney is appearing in this action on behalf of HSMW. In short, Lyons cannot unilaterally add HSMW as a plaintiff in this action. Accordingly, Lyons's second motion to amend the complaint is DENIED.

As the Court previously advised, and does so again, if Lyons still wishes to amend his complaint, he must: (1) file another motion; and (2) attach a complete version of the amended complaint. To avoid further confusion should Lyons attempt to do so, the Court will mail Lyons a copy of a form complaint for use in a civil *pro se* proceeding, such as this one. Should Lyons choose to use the form, he should answer **<u>all of the questions</u>** clearly and concisely and set forth a sufficient recitation of factual allegations "to state a claim to relief that is plausible on its face."

*See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). More specifically, Lyons should set out each claim under a separate label or heading. Under each claim, Lyons must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do and the underlying facts that provide support; (5) how the action or inaction of a defendant is connected to the violation of Lyons' right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks.

In addition, should Lyons choose to file an amended complaint, he may not incorporate any part of the original complaint, Dkt. No. 1, in the amended complaint. Rather, **all allegations must be re-typed or re-written in their entirety**. To the extent a claim is not re-alleged in the amended complaint, the claim may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928. Any amended complaint must be filed no later than April 24, 2020.

## CONCLUSION

Lyons' second motion to amend the complaint, Dkt. No. 27, is DENIED WITHOUT PREJUDICE.

The Clerk is directed to mail Lyons a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: March 27, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Craig S. Lyons v. Lynda Dec, et al.*; Civil No. 20-00041-DKW-RT; **ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND THE COMPLAINT**